UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE D. LEE (#102226)

VERSUS                                             CIVIL ACTION

LOUISIANA DEPARTMENT OF                            NUMBER 09-327-JJB-SCR
CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 21, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE D. LEE (#102226)

VERSUS                                              CIVIL ACTION

LOUISIANA DEPARTMENT OF                             NUMBER 09-327-JJB-SCR
CORRECTIONS, ET AL

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim Upon Which Relief Can be Granted filed on behalf of the State of Louisiana, Through the Department of Public Safety and Corrections. Record document number 12. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections, Sgt. T. Etheridge, Cadet D. Haney and Cadet Jedda. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Louisiana Department of Public Safety and Corrections[2] moved

---

[1] Record document number 13.

[2] T. Etheridge, D. Haney and Cadet Jedda were not served with the summons and complaint and did not participate in the defendant's motion to dismiss. A review of Remarks section of the Process Receipt and Return Form USM-285 showed that Etheridge and
(continued...)

to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6),Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting

---

²(...continued)
Haney are no longer employed by the Department of Corrections and Cadet Jedda is unknown. Plaintiff is placed on notice that defendants Etheridge, Haney and Jedda will be dismissed pursuant to Rule 4, Fed.R.Civ.P., unless the plaintiff provides additional identifying information and an address where they can be served with the complaint.

*Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not

3

done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action.  The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim Upon Which Relief Can be Granted filed on behalf of the State of Louisiana, Through the Department of Public Safety and Corrections be granted and the claims against it be dismissed.

Baton Rouge, Louisiana, August 21, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE